**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-4772

EDWARD ANTHONY BARTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-96)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joseph T. Grunkemeyer, Cary, North Carolina, for Appellant.
Michael Gordon James, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Anthony Barton appeals from his conviction and 235-month sentence imposed following his guilty plea to the offense of conspiracy to distribute cocaine and crack cocaine. 21 U.S.C.A. § 846 (West 1999). Barton's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging the sufficiency of the Fed. R. Crim. P. 11 hearing, the amount of drugs attributed to Barton, and the effectiveness of counsel. Barton was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Barton's conviction and sentence.

Counsel first contends that the plea was invalid because, during the plea hearing, the district court failed to explain to Barton the effects of supervised release and the application of the Sentencing Guidelines. We note, also, that the court did not explain the elements of the conspiracy offense to which Barton pled guilty. However, these items were explained in the plea agreement, which Barton acknowledged that he read, discussed with counsel, understood, and signed. We find that any error by the district court was harmless and that the plea was knowingly, intelligently, and voluntarily entered. *See* Fed. R. Crim. P. 11(h) (providing standard); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991) (upholding guilty plea as knowing and intelligent although based on information received before plea hearing).

Counsel next challenges the amount of drugs attributed to Barton. Because this issue was not presented to the sentencing court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Barton pled guilty to an offense involving an amount of drugs sufficient to require the imposition of a penalty under 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2001). Barton's 235-month sentence was based on a quantity that is supported by the record and does not exceed the forty-year statutory maximum under this provision. His supervised release term of five years is valid under § 841(b)(1)(B), which provides for a *minimum* supervised release

term of four years. *See United States v. Pratt*, 239 F.3d 640, 647, 648 n.4 (4th Cir. 2001). We find no plain error in Barton's sentence.

Lastly, the *Anders* brief challenges trial counsel's failure to object at sentencing to the quantity of drugs attributed to Barton. Generally, claims of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2001), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). We find that Barton has failed to meet the requisite showing to raise these claims on direct appeal. *See id.*

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Barton's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*